# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH D. OVERSTREET, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, Acting )<br>Commissioner of Social Security, )<br>    Defendant. ) | CIVIL ACTION NO. 16-00510-N |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joseph D. Overstreet brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("the Commissioner") denying his applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, and for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.* With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 21, 22).

Upon consideration of the parties' briefs (Docs. 17, 18) and those portions of the administrative record (Doc. 16) (hereinafter cited as "(R. [page number(s) in lower-right corner of transcript])") relevant to the issues raised, and with the benefit of oral argument held May 4, 2017, the Court finds that the Commissioner's final decision is due to be **AFFIRMED** under sentence four of § 405(g).

### I. Background

Overstreet filed applications for a period of disability, DIB, and SSI with the

Social Security Administration ("SSA"), alleging disability beginning March 11, 2014.[1] After his applications were initially denied, Overstreet requested a hearing before an Administrative Law Judge ("ALJ") with the SSA's Office of Disability Adjudication and Review. After holding a hearing, the ALJ issued an unfavorable decision on Overstreet's applications, finding him "not disabled" under the Social Security Act and thus not entitled to benefits. (*See* R. 16 – 29).

The Commissioner's decision on Overstreet's applications became final when the Appeals Council for the Office of Disability Adjudication and Review denied Overstreet's request for review of the ALJ's decision on August 12, 2016. (R. 1 – 5). Overstreet subsequently filed this action under §§ 405(g) and 1383(c)(3) for judicial review of the Commissioner's final decision. *See* (Doc. 1); 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing [for SSI benefits] shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action

---

[1]  DIB provides income to individuals who are forced into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence. *See* 42 U.S.C. § 423(a). SSI is a general public assistance measure providing an additional resource to the aged, blind, and disabled to assure that their income does not fall below the poverty line. Eligibility for SSI is based upon proof of indigence and disability. *See* 42 U.S.C. §§ 1382(a), 1382c(a)(3)(A)-(C).

"For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the last date for which she were insured. 42 U.S.C. § 423(a)(1)(A) (2005). For SSI claims, a claimant becomes eligible in the first month where she is both disabled and has an SSI application on file. 20 C.F.R. § 416.202–03 (2005)." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).

commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("The settled law of this Circuit is that a court may review, under sentence four of section 405(g), a denial of review by the Appeals Council.").

## II. Standards of Review

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is ' "supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." ' " *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))). However, the Court " 'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' " *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))). "'Even if the evidence preponderates against the [Commissioner]'s factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence.' " *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [The Court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth*,

703 F.2d at 1239 (citations and quotation omitted). *See also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts."). "In determining whether substantial evidence exists, [a court] must…tak[e] into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

However, the "substantial evidence" "standard of review applies only to findings of fact. No similar presumption of validity attaches to the [Commissioner]'s conclusions of law, including determination of the proper standards to be applied in reviewing claims." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (quotation omitted). *Accord, e.g.*, *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982) ("Our standard of review for appeals from the administrative denials of Social Security benefits dictates that '(t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ….' 42 U.S.C.A. s 405(g) … As is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established that no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims." (some quotation marks omitted)). This Court "conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). "'The [Commissioner]'s failure to apply the correct law or to provide

the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.'" *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)). *Accord Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo* the legal principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). However, we review the resulting decision only to determine whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).").

> Eligibility for DIB and SSI requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E), 1382(a)(1)-(2). A claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

*Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604, 609 (11th Cir. 2015) (per curiam) (unpublished).[2]

> The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual

---

[2] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

> functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Phillips*, 357 F.3d at 1237-39).[3]

"These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)). "In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983) (per curiam)). "These factors must be considered both singly and in combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citations omitted).

If, in Steps One through Four of the five-step evaluation, a claimant proves that he or she has a qualifying disability and cannot do his or her past relevant work, it then becomes the Commissioner's burden, at Step Five, to prove that the claimant is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th

---

[3] The Court will hereinafter use "Step One," "Step Two," etc. when referencing individual steps of this five-step sequential evaluation.

Cir. 1985). Finally, although the "claimant bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

Where, as here, the ALJ denied benefits and the Appeals Council denied review of that decision, the Court "review[s] the ALJ's decision as the Commissioner's final decision." *Doughty*, 245 F.3d at 1278. "[W]hen the [Appeals Council] has denied review, [the Court] will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998). If the applicant attacks only the ALJ's decision, the Court may not consider evidence that was presented to the Appeals Council but not to the ALJ. *See id.* at 1324.

### III. <u>Analysis</u>

At Step One, the ALJ determined that Overstreet had not engaged in substantial gainful activity since the alleged disability onset date, March 11, 2014. (R. 21). At Step

Two, the ALJ determined that Overstreet had the following severe impairments: essential hypertension, diabetes mellitus, chronic liver disease, hepatitis C, gastritis and duodenitis, affective disorders, and substance addiction disorders. (R. 21). At Step Three, the ALJ found that Overstreet did not have an impairment or combination of impairments that meets or equals the severity of one of the specified impairments in the relevant Listing of Impairments. (R. 21 – 23).

> At Step Four,
>
> the ALJ must assess: (1) the claimant's residual functional capacity ("RFC"); and (2) the claimant's ability to return to her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). As for the claimant's RFC, the regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. § 404.1545(a). Moreover, the ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e). Furthermore, the RFC determination is used both to determine whether the claimant: (1) can return to her past relevant work under the fourth step; and (2) can adjust to other work under the fifth step…20 C.F.R. § 404.1520(e).
>
> If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv) & (f). If the claimant cannot return to her past relevant work, the ALJ moves on to step five.
>
> In determining whether [a claimant] can return to her past relevant work, the ALJ must determine the claimant's RFC using all relevant medical and other evidence in the case. 20 C.F.R. § 404.1520(e). That is, the ALJ must determine if the claimant is limited to a particular work level. *See* 20 C.F.R. § 404.1567. Once the ALJ assesses the claimant's RFC and determines that the claimant cannot return to her prior relevant work, the ALJ moves on to the fifth, and final, step.

*Phillips*, 357 F.3d at 1238-39 (footnote omitted).

The ALJ determined that Overstreet had the RFC "to perform medium work as

defined in 20 CFR 404.1567(c) and 416.967(c)[4] except the claimant could lift and carry 50 pounds occasionally and 25 pounds frequently[,] could occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds[,] could frequently balance[, and] could never be exposed to unprotected heights or moving mechanical parts." Moreover, Overstreet's "ability to understand, remember, and carry out instructions would be limited to performing simple and routine tasks[, his] ability to use judgment would be limited to simple work related decisions[, he] could respond appropriately to supervisors and coworkers frequently and the public occasionally[, and he] could deal with occasional changes in the work setting." (R. 23 – 27).

Based on this RFC, the ALJ determined that Overstreet was unable to perform any past relevant work as a bricklayer helper and a construction laborer. (R. 27 – 28). At Step Five, after taking testimony from a vocational expert, the ALJ found that there exist significant numbers of jobs in the national economy that Overstreet can perform given his RFC, age, education, and work experience. (R. 28 – 29). Thus, the ALJ found that Overstreet was not disabled under the Social Security Act. (R. 29).

  a.  **First Claim of Error (Medical Opinion of Dr. Hernandez)**

Overstreet's first claim of reversible error is that the ALJ's RFC is not supported by substantial evidence because the ALJ erred in significantly relying on the medical

---

[4] "To determine the physical exertion requirements of different types of employment in the national economy, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy. These terms are all defined in the regulations … Each classification … has its own set of criteria." *Phillips*, 357 F.3d at 1239 n.4. "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, [the ALJ] determine[s] that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c), 416.967(c).

opinion of consultative examining physician Dr. Nathaniel Hernandez. Evidence considered by the Commissioner in making a disability determination may include medical opinions. *See* 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). " 'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.' " *Winschel*, 631 F.3d at 1178-79 (quoting 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). "There are three tiers of medical opinion sources: (1) treating physicians; (2) nontreating, examining physicians; and (3) nontreating, nonexamining physicians." *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. 2014) (per curiam) (unpublished) (citing 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2)). "In assessing medical opinions, the ALJ must consider a number of factors in determining how much weight to give to each medical opinion, including (1) whether the physician has examined the claimant; (2) the length, nature, and extent of a treating physician's relationship with the claimant; (3) the medical evidence and explanation supporting the physician's opinion; (4) how consistent the physician's opinion is with the record as a whole; and (5) the physician's specialization. These factors apply to both examining and non-examining physicians." *Eyre v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 521, 523 (11th Cir. 2014) (per curiam) (unpublished) (internal citations and quotation marks omitted) (citing 20 C.F.R. §§ 404.1527(c) & (e), 416.927(c) & (e)). "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel*, 631 F.3d at 1179.

The ALJ addressed Dr. Hernandez's opinion as follows:

> Nathaniel Hernandez, M.D., consultative examiner, opined that the claimant did not demonstrate any limitations with the exception of possible mild limitations with respect to traveling and hazards (Exhibit B6F). The undersigned gives this opinion great weight so far as it pertains to the claimant's physical functioning outside of his ability to lift and carry or climb ladders and stoop. As noted throughout this decision, there is little support for a finding of disabled in this case, especially in light of generally benign clinical presentations, documented evidence of noncompliance with recommended treatment, and improvement with the use of medication. However, the undersigned gives some weight to the portion of Dr. Hernandez' opinion addressing the claimant's ability to lift and carry or climb ladders and stoop to credit the claimant's continued complaints of physical impairment subsequent to Dr. Hernandez August 2014 opinion as well as the potential side effects of the claimant's medications (Exhibit B9E).

(R. 26). Overstreet argues that Dr. Hernandez's opinion is unreliable because it was "not based on an adequate assessment of Plaintiff's diseases, impairments, and complaints described in Plaintiff's medical history" and was "disproportionate and inconsistent with the medical findings upon examination and testing." (Doc. 17 at 5).[5]

This Court cannot "reweigh the evidence" when reviewing a final decision of the Commissioner. *Winschel*, 631 F.3d at 1178. Moreover, the law of this Circuit is that an ALJ "**may** reject the opinion of any physician when the evidence supports a contrary conclusion." *E.g., Bloodsworth*, 703 F.2d at 1240 (emphasis added). The undersigned is

---

[5] Overstreet also conclusorily argues that the ALJ violated Social Security Ruling 96-6p in his evaluation of Dr. Hernandez's opinion. Not only does Overstreet fail to offer any substantive argument in support of this point, SSR 96-6p applies only to the consideration of medical opinions from nonexamining sources and was thus inapplicable to Dr. Hernandez, an examining source. *See* SSR 96-6p, 1996 WL 374180, at *1 (S.S.A. July 2, 1996) ("Findings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of **nonexamining sources** at the administrative law judge and Appeals Council levels of administrative review…Administrative law judges and the Appeals Council may not ignore these opinions and must explain the weight given to these opinions in their decisions." (emphasis added)).

unaware of any authority stating that the ALJ **must** reject a medical opinion when evidence supports a contrary conclusion. Regardless, substantial evidence supports the ALJ's decision to assign mostly great weight to Dr. Hernandez's opinion.

Overstreet's brief cites various record evidence that he believes contradicts Dr. Hernandez's opinion. (*See* Doc. 17 at 4 – 5). However, the undersigned agrees with the Commissioner that this evidence consists merely of diagnoses indicating the existence of various impairments. "[T]he mere existence of these impairments does not reveal the extent to which they limit [Overstreet's] ability to work or undermine[ Dr. Hernandez's or] the ALJ's determination in that regard." *Moore*, 405 F.3d at 1213 n.6. The ALJ's opinion adequately indicates that he considered these impairments and the evidence on which they were based, determining that the findings were overall "unremarkable" and "benign," noting Overstreet' history of non-compliance in treatment regimens, and offering "several reasons why [Overstreet]'s allegations of debilitating symptoms are not generally consistent with the evidence." (*See* R. 24 – 27). The ALJ also found that Dr. Hernandez's opinion was generally consistent with the record evidence, largely assigning it "great weight" because, "[a]s noted throughout th[e ALJ's] decision, there is little support for a finding of disabled in this case, especially in light of generally benign clinical presentations, documented evidence of noncompliance with recommended treatment, and improvement with the use of medication." (R. 26).

Overstreet also argues that Dr. Hernandez's opinion is inconsistent with his own notes – specifically, his notations that Overstreet's medical records were "remarkable for multiple outpatient GI procedures related to [his] history of hepatitis C and diabetes" (R. 372); that Overstreet was "poorly kempt," "gaunt appearing," and

"appear[ed] nauseated throughout the exam, frequently motioning towards the wastebasket and demonstrating hiccups throughout the exam and interview" (R. 373); that Overstreet "demonstrate[d] diffuse tenderness to palpation with all four quadrants, though most vocally within the epigastric region (R. 374); and he was diagnosed with "abdominal pain" and "hepatitis C" (R. 375). As the Commissioner correctly argues, however, Dr. Hernandez's examination resulted in overall unremarkable physical findings. (*See* R. 372 – 376). Overstreet does not provide any specific argument as to how any of the notations undermines Dr. Hernandez's opinion, and the undersigned is unconvinced that, even considered as a whole, those notations render the opinion unreliable to the point the ALJ's reliance on it was reversible error.

Accordingly, the Court **OVERRULES** this first claim of error.

**b. Second, Third, & Fourth Claims of Error (Various Conclusory Arguments)**

Overstreet conclusorily raises three additional claims of error following his arguments as to Dr. Hernandez's opinion. First, Overstreet asserts that "the medical evidence of record supports a more restrictive residual functional capacity than that assigned by the" ALJ. (Doc. 17 at 6). Even accepting this statement as true, it does not follow that the ALJ's less restrictive RFC is not supported by the medical evidence of record as well. *See Ingram*, 496 F.3d at 1260 ("Even if the evidence preponderates against the Commissioner's factual findings, the Court must affirm if the decision reached is supported by substantial evidence." (quotation omitted)).

Second, Overstreet complains that the ALJ "has not provided the required linkage between the record of evidence and the [RFC] assigned." (Doc. 17 at 6). He himself, however, fails to link this argument to any specific portion of the ALJ's

decision. *See In re Pan Am. World Airways, Inc., Maternity Leave Practices & Flight Attendant Weight Program Litig.*, 905 F.2d 1457, 1462 (11th Cir. 1990) ("[I]f a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it."); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (applying *In re Pan American World Airways* in Social Security appeal). Regardless, the ALJ's decision did provide some discussion linking the RFC to the record evidence (*see* R. 27),[6] and Overstreet fails to explain how this discussion was deficient.

Finally, at the same time he argues that the ALJ should have rejected the opinion of Dr. Hernandez, a medical professional, Overstreet asserts that the "residual functional capacity delineated by the [ALJ]…essentially substitutes the [ALJ]'s own medical opinion." Given that the ALJ gave "great weight" to all of the medical opinions

---

[6] At Step Four, after summarizing the record evidence and weighing the medical opinions, the ALJ proceeded to explain:

> Given the foregoing, the undersigned finds that the residual functional capacity assessed herein is appropriate…The residual functional capacity limits the claimant to medium work with postural limitations in light of the physical pain the claimant suffers because of his gastrointestinal impairments. Lifting and carrying items heavier than 50 pounds and performing some postural activities may exacerbate stomach pain; thus, the claimant is appropriately limited to medium work. The residual functional capacity further contemplates limitations on the claimant's exposure to heights, moving mechanical parts, and climbing in light of the potential side effects of the claimant's medications. The claimant is further limited to simple and routine tasks, simple work related decision-making, and social limitations in the workplace to credit the claimant's moderate limitations in social functioning and concentration, persistence, and pace.

(R. 27).

of record (with the exception of that portion of Dr. Hernandez's opinion the ALJ assigned only "some weight" to favor Overstreet's more severe subjective complaints) (*see* R. 26 – 27), this assertion is meritless.

Accordingly, the undersigned **OVERRULES** these three claims of error.

    **c.**     **Fifth Claim of Error (Second Consultative Examination)**

As noted previously, the ALJ gave great weight to some parts of Dr. Hernandez's opinion but only some weight to other parts. Overstreet claims that "[t]his creates a conflict that requires a new consultative examination." (Doc. 17 at 7).[7] Overstreet cites no authority to support this proposition, and the undersigned is not persuaded. The ALJ "has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision." *Ingram*, 496 F.3d at 1269. Here, in addition to Dr. Hernandez's opinion, the ALJ considered the opinion of a state agency medical consultant, Overstreet's subjective testimony, and numerous medical records from several sources, including Overstreet's treating healthcare providers. Overstreet fails to explain how this other evidence was insufficient for the ALJ to make an informed decision.

To the extent Overstreet is claiming that an ALJ must adopt a medical opinion to justify every aspect of an RFC, the undersigned has previously rejected such an argument, and Overstreet offers no persuasive reasoning to find otherwise. *Fritts v. Colvin*, Civil Action No. 15-00209-N, 2016 WL 3566866, at *7 – 9 (S.D. Ala. June 24, 2016). *See also Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 923–24 (11th Cir. 2007)

---

[7] Overstreet notes that he "submitted a written request for an internal medicine consultative examination" on December 7, 2015. (Doc. 17 at 7 (citing R. 251)).

(per curiam) (unpublished) ("Green argues that once the ALJ decided to discredit Dr. Bryant's evaluation, the record lacked substantial evidence to support a finding that she could perform light work. Dr. Bryant's evaluation, however, was the only evidence that Green produced, other than her own testimony, that refuted the conclusion that she could perform light work. Once the ALJ determined that no weight could be placed on Dr. Bryant's opinion of the Green's limitations, the only documentary evidence that remained was the office visit records from Dr. Bryant and Dr. Ross that indicated that she was managing her respiration problems well, that she had controlled her hypertension, and that her pain could be treated with over-the-counter medication. Thus, substantial evidence supports the ALJ's determination that Green could perform light work. The ALJ did not substitute his judgment for that of Dr. Bryant; rather, he determined that Dr. Bryant's opinion was inconsistent with objective medical evidence in the record."). To the extent the ALJ's assignment of only "some weight" to certain parts of Dr. Hernandez's opinion could be considered an evidentiary hole, the ALJ clearly filled it in with Overstreet's own subjective testimony by "credit[ing his] continued complaints of physical impairment subsequent to Dr. Hernandez [sic] August 2014 opinion as well as the potential side effects of [his] medications…" (R. 26).

Accordingly, the Court **OVERRULES** Overstreet's fifth claim of error. There being no other claims of error asserted,[8] the Court finds that the Commissioner's final

---

[8] Generally, claims of error not raised in the district court are deemed waived. *See Stewart v. Dep't of Health & Human Servs.*, 26 F.3d 115, 115 – 16 (11th Cir. 1994) ("As a general principle, [the court of appeals] will not address an argument that has not been raised in the district court … Because Stewart did not present any of his assertions in the district court, we decline to consider them on appeal." (applying rule in appeal of judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3)); *Hunter v. Comm'r of Soc. Sec.*, 651 F. App'x 958, 962 (11th Cir. 2016) (per curiam) (unpublished) (same);

decision denying Overstreet benefits is due to be **AFFIRMED**.

## IV. Conclusion

In accordance with the foregoing analysis, it is **ORDERED** that the Commissioner's final decision issued August 12, 2016, denying Overstreet's applications for a period of disability, DIB, and SSI is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g). Final judgment shall issue separately in accordance with this order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 11th day of September 2017.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

*Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 769 (11th Cir. 2016) (per curiam) (unpublished) ("As a general rule, we do not consider arguments that have not been fairly presented to a respective agency or to the district court. *See Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999) (treating as waived a challenge to the administrative law judge's reliance on the testimony of a vocational expert that was 'not raise[d] . . . before the administrative agency or the district court').").